O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6995 AHM (VBKx) | | Date | December 21, 2009 |
|---|---|---|---|---|
| Title | JACQUELINE LEE v. ING BANK FSB, *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On July 22, 2009, Plaintiff Jacqueline Lee ("Lee" or "Plaintiff") filed her complaint against Defendants ING Bank, FSB ("ING Bank"), Washington Mutual Bank, FA ("Washington Mutual"), JP Morgan Chase Bank, N.A. ("JP Morgan"), and the Federal Deposit Insurance Company (collectively, "Defendants"). The Complaint alleges eight causes of action arising out of a transaction with ING Bank for an Adjustable Rate Mortgage that closed on October 10, 2007, and a transaction with Washington Mutual for a home equity line of credit ("HELOC") that closed on October 23, 2007. Complaint ¶¶ 14 and 29. On October 2, 2009, JP Morgan filed a motion to dismiss all claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to oppose the motion to dismiss.[1] "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7–12. In addition, with the exception of JP Morgan's arguments regarding Plaintiff's TILA claims, the motion appears meritorious on its face. Accordingly, the Court GRANTS in part and DENIES in part JP Morgan's Motion to Dismiss[2] for the reasons explained below.

---

[1] It has come to the Court's attention that Plaintiff's attorney of record has been arrested and has voluntarily resigned his membership in the California Bar Association. If Plaintiff wishes to line up new counsel or continue her lawsuit on her own as a *pro se* litigant (if so, she should contact the Court's *Pro Se* Clinic), she must file any amended complaint in this action by January 11, 2010.

[2] Docket No.5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6995 AHM (VBKx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | JACQUELINE LEE  v. ING BANK FSB, *et al*. | | |

### A. Claim One (Truth in Lending Act ("TILA"))

JP Morgan offers two arguments why Plaintiff's TILA claim should be dismissed, neither of which permit the Court to find that Plaintiff has not stated a claim under TILA.

First, JP Morgan argues that Plaintiff's TILA claim for damages is time-barred by the applicable statute of limitations.  While it is true that a claim for damages under TILA must be brought within one year from the date of the loan transaction, *see* 15 U.S.C. § 1640(e), Plaintiff has properly alleged facts which, if true, could entitle her to equitable tolling.  Complaint ¶ 2 (". . . Plaintiff is not familiar with, and has no expertise with, mortgage transactions; does not speak English as a first language; and was never provided any of the loan transaction documents in her native Korean language.  Therefore, Plaintiff did not and could not have reasonably discovered these violations despite due diligence.").

Second, JP Morgan argues that "since there are no facts alleged as to how TILA was purportedly violated, it is unclear how JP Morgan could be liable for the purported wrongful act of" Washington Mutual.  Motion at 4.   This is not true.  Plaintiff has alleged, among other things, that Washington Mutual provided Plaintiff with a"Notice of Right to Cancel" the HELOC that is defective because it "omits the relevant dates that would otherwise inform Plaintiff when her right to cancel could be exercised or when it would expire." Complaint ¶ 52.  The Notice of Right to Cancel—with the dates left blank, as alleged in the Complaint—is attached to the Complaint.  *See* Complaint Exh. F.

Accordingly, JP Morgan's motion to dismiss claim one is DENIED.

### B. Claims Three, Four, and Five (Fair Housing Act, Equal Credit Opportunity Act, and the Unruh Act)

Plaintiff's third, fourth, and fifth claims—for violation of the Fair Housing Act, 42 U.S.C. § 3605; the Equal Credit Opportunity Act, 15 U.S.C. § 1691; and the Unruh Act, Cal. Civil Code § 51—are wholly conclusory and otherwise deficient as set forth in JP Morgan's motion to dismiss.  Complaint ¶¶ 59-86; Motion at 4-7.  Accordingly, the Court dismisses these claims as to all Defendants.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6995 AHM (VBKx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | JACQUELINE LEE  v. ING BANK FSB, *et al*. | | |

### C.     Claim Six (Fraud)

Plaintiff's sixth claim for fraud must meet the heightened pleading standard of particularity under Fed. R. Civ. P. 9(b).  In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiff has failed to meet this standard; accordingly, the Court dismisses this claim as to all Defendants.

### D.     Claim Seven (Cal. Bus. & Prof. Code. §§ 17200 *et seq*.)

Plaintiff's seventh claim under § 17200 fails because it is derivative of Plaintiff's third, fourth, and fifth claims, which the Court has herein dismissed.  Complaint ¶¶ 103-114 (alleging that Defendants engaged in "unlawful" business practices in violation of § 17200 by offering or making loans to Plaintiffs and other borrowers of Asian or Korean ethnicity and/or national origin in a discriminatory manner).  Accordingly, it is dismissed without prejudice as to all Defendants.

### E.     Claim Eight (Covenant of Good Faith and Fair Dealing)

Plaintiff's eighth claim for breach of the covenant of good faith and fair dealing fails to adequately assert any allegations that establish a breach of the implied covenant against Defendants.  Complaint ¶¶ 115-122.  Accordingly, this claim is dismissed without prejudice as to all Defendants.

### F.     Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part JP Morgan's Motion to Dismiss.  Plaintiff shall file any amended complaint by not later than January 11, 2010.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

:

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6995 AHM (VBKx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | JACQUELINE LEE  v. ING BANK FSB, *et al*. | | |

Initials of Preparer     SMO